■ EDWARD A. LIPTON et al., Respondents, v. RAY H. STAFFORD, Appellant. — Appeal by defendant from a judgment of the Supreme Court entered in Madison County upon a decision of the court at Special Term which granted plaintiffs' motion for summary judgment in an ejectment action. The subject of the action is a small lot within the lines of the one-acre parcel adjudged to belong to plaintiffs by the judgment in a prior action brought by these plaintiffs against Winfield R. Bruce. (*Lipton* v. *Bruce*, 1 N Y 2d 631; 4 N Y 2d 975.) Mr. Bruce conveyed the lot here in question to the defendant in this action by deed of August 6, 1949, prior to the commencement in 1953 of the *Lipton* v. *Bruce* action, to which the defendant here was not a party. The effect of the judgment in that action was not merely to establish the validity of the Coon to Coon deed in 1919 and the sufficiency of the Coon to Gluck deed in 1923 "to constitute a valid selection" (*Lipton* v. *Bruce*, 1 N Y 2d 631, 637, *supra*) but to determine the location and bounds of the one-acre parcel itself, as seems to be confirmed by the subsequent decision of the Court of Appeals (4 N Y 2d 975) holding improper the granting of a motion for a new trial on the ground of newly discovered evidence bearing upon such location. The effect of these decisions was retrospective, of course, and it follows that at the time of the purported deed from Mr. Bruce to defendant, Mr. Bruce had no legal title to convey. In addition, the 1923 deed formed part of Mr. Bruce's chain of title (*Lipton* v. *Bruce*, 1 N Y 2d 631, 636, *supra*) and hence that of defendant and, as the court also said (p. 637), when the deed was recorded it afforded "constructive notice to all * * * that one acre of land constituting the exception mentioned in the prior deeds was being conveyed to Gluck". The fact that there was later a dispute as to the location of the parcel on the ground does not, in our view, aid defendant. We do consider, however, that there exists a single triable issue of fact — that with respect to defendant's claim of title by adverse possession — which Special Term could not properly resolve against defendant by recourse to the record in the *Bruce* action and which, therefore, requires reversal. Judgment and order reversed on the law and the facts and motion denied, with costs to abide the event. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.